## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEROME D. WALTON (#547176)** | **CIVIL ACTION** |
| **VERSUS** | |
| | **21-377-BAJ-RLB** |
| **RIVERBEND DETENTION CENTER, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 14, 2022.

											_____
											**RICHARD L. BOURGEOIS, JR.**
											**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEROME D. WALTON (#547176)** | **CIVIL ACTION** |
| **VERSUS** | |
| | **21-377-BAJ-RLB** |
| **RIVERBEND DETENTION CENTER, ET AL.** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* Plaintiff, a person confined at the Rayville Detention Center, filed this proceeding pursuant to 42 U.S.C. § 1983 against numerous defendants, complaining that his constitutional rights have been violated due to the use of excessive force. This matter was transferred to this Court on June 30, 2021. *See* R. Doc. 14.

Pursuant to the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, failure to serve a defendant within 90 days of commencement of an action is cause for dismissal of that defendant from the proceeding. Although a *pro se* plaintiff may rely on service by the U.S. Marshal, he may not remain silent and do nothing to effectuate such service and should attempt to remedy any defects of which he has knowledge. A review of the record reveals that the plaintiff has not requested service on any of the defendants and none of the defendants have been served.

On February 8, 2022, Plaintiff was ordered to show cause in writing why his claims should not be dismissed for failure to serve the defendants within the time allowed by Rule 4. Plaintiff was specifically informed that, although he may rely on service by the U.S. Marshal if requested, he may not remain silent and do nothing to effectuate such service. *See* R. Doc. 15.

Plaintiff failed to respond to the Court's show cause order and has not taken any other action to accomplish service. As such, Plaintiff's claims should be dismissed.

## RECOMMENDATION

It is recommended that this action be dismissed, without prejudice, for failure of Plaintiff to serve Defendants as required by Federal Rule of Civil Procedure 4(m).

Signed in Baton Rouge, Louisiana, on March 14, 2022.

                                  **RICHARD L. BOURGEOIS, JR.**
                                  **UNITED STATES MAGISTRATE JUDGE**